CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

BURMA ANDERSON

CIVIL ACTION
DOCKET NO. 12C1884

Plaintiff

Method of Service:

Vs.

☒ Davidson County Sheriff

☐ Out of County Sheriff

GCA SERVICES GROUP, INC

☐ Secretary of State

Serve: GCA Services Group, Inc. through registered agent
National Registered Agents, Inc.

☐ Certified Mail

2300 Hillsboro Road, Suite 305

☐ Personal Service

Nashville, TN 37212-4927

☐ Commissioner of Insurance

Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box·196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 5-9-12

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Michael Ponce and Associates |
| --- | --- |
| | 1000 Jackson Road, Ste. 225 |
| | Address Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20_____.

SHERIFF

**EXHIBIT**
A

If you have a disability and require assistance, please contact

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

| |
|---|

served this summons and complaint/petition on _____

_____ in the following manner:

| |
|---|

failed to serve this summons within 90 days after its issuance because _____

_____

Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket

_____ to the defendant, _____. On the _____ day of

_____ 20_____, I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20_____ Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____.

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE.

TO THE DEFENDANT(S):

     Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.

COPY

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

BURMA ANDERSON,

    Plaintiff,

v.

GCA SERVICES GROUP, INC.,

    Defendant.

DOCKET #: 12C1884

JURY DEMAND (12)

## COMPLAINT

Comes now the Plaintiff, Burma Anderson, by and through her undersigned counsel, and for her Complaint against GCA Services Group, Inc., the Plaintiff states as follows:

1.    The Plaintiff, Burma Anderson, (hereinafter "Plaintiff") is a resident and citizen of Nashville, Davidson County, Tennessee.

2.    The Defendant, GCA Services Group, Inc., (hereinafter "Defendant") is a foreign corporation authorized to be and doing business in Nashville, Davidson County, Tennessee, wherein the allegations set forth in this complaint occurred.

3.    Jurisdiction in this matter is proper because the events giving rise to this matter took place in Davidson County, Tennessee.

### FACTUAL BACKGROUND

4.    The Plaintiff was hired by the Defendant on or about July 14, 2010.

5.    In March 2011, the Plaintiff was subjected sexual harassment and assault, which included verbal suggestive comments, crude comments, unwelcome touching, and

sexually explicit and/or provocative actions toward the Plaintiff in an inappropriate manner.

6. The Plaintiff reported the harassment to her supervisor and was transferred to a different facility in April 2011.

7. On June 4, 2011, the Plaintiff was again subjected to sexual harassment, which included verbal suggestive comments and crude comments by the same coworker who had been brought to her new facility for the day to complete a project.

8. Each and every time the sexual advances were made, the Plaintiff rejected and discouraged said inappropriate conduct.

9. The Plaintiff again reported the harassment to her direct supervisor and was told it would be taken care of.

10. The Plaintiff followed up with her supervisor on the incident and found that he had not done anything as a result of her reports. She then contacted her district manager and reported the harassment and that her direct supervisor had not done anything about the incident.

11. The Defendant had knowledge of the sexual harassment in violation of Tennessee Human Right Act pursuant to T.C.A. § 4-21-101, et. seq.; T.C.A. § 4-21-301, et. seq.; T.C.A. § 4-21-401, et. seq.

12. The Plaintiff sustained a work related injury to her back on October 24, 2011.

13. The Plaintiff was employed by the Defendant and assigned to work at offsite locations. Company policies and procedures dictate that employees are to call in to the home office to clock in from the telephone at the school.

14.     The Plaintiff was instructed by her supervisor to clock in using her cell phone on the days that she had doctor's appointments or physical therapy related to her work injury so she could be paid for her time at the appointments.

15.     On or about December 12, 14, 16, 27 and January 3, 2012, pursuant to the instruction provided to the Plaintiff by her supervisor, she called in to clock in from her cell phone because she was at the doctor's office or at physical therapy related to her work related injury.

16.     On or about January 4, 2012, the Plaintiff was terminated for violating company policy for clocking in from her cell phone on December 12, 14, 16, 27 and January 3, 2012.

## COUNT I
## SEXUAL DISCRIMINATION AND HARASSMENT

17.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraph 1 through 16 above.

18.     At all times pertinent to this action, Plaintiff was a "person" within the meaning of Tennessee Code Annotated § 4-21-102(14).

19.     At all times pertinent to this action, Defendant was an "employer" within the meaning of Tennessee Code Annotated § 4-21-102(4).

20.     Beginning on or about March, 2011 and continuing through her termination on January 4, 2012, the Plaintiff was subjected to harassment and discrimination based upon her gender by the Defendant's employees, including but not limited to the Plaintiff's supervisors and management.

21.     The Plaintiff asserts that she was treated poorly and received disparate treatment as compared to non-female employees who were similarly situated.

22.     The Plaintiff's formal complaints to management and human resources regarding the Defendant's discrimination and harassment were not taken seriously by the Defendant.

23. At all pertinent times, (1) the Plaintiff was a member of a protected class, female; (2) the Plaintiff was subjected to unwelcome sexual harassment; (3) the harassment complained of was based upon sex; (4) the sexual harassment created a hostile work environment, for which (5) the Defendant employer is liable.

24.     The Defendant is vicariously liable for the hostile work environment created by Plaintiff's co-worker and reported to management who had immediate and successively higher authority over the Plaintiff, on more than one occasion.

25.     At all relevant times as set forth herein, the sexual harassment the Plaintiff experienced was so severe and pervasive, traumatic, continuous and repetitive, as to create a hostile work environment which affected the terms, conditions, and/or privileges of the Plaintiff's employment with the Defendant.

26.     The harassment and discriminatory conduct which occurred frequently during the Plaintiff's employment with Defendant was so severe in nature and was humiliating, traumatic, embarrassing and offensive that it unreasonable interfered with the Plaintiffs' work performance.

27.     The Plaintiff asserts that there is a causal connection between the Defendant's poor treatment, disparate treatment, discrimination and termination and the Plaintiff's gender.

28.     The Plaintiff would aver that the Defendant's reason for her termination was pre-textual and further, the Plaintiff was terminated due to her gender.

29.     By terminating the Plaintiff, the Defendant discriminated against Plaintiff with respect to her terms, conditions, and privileges of employment because of or on the basis of gender, in violation of Tennessee Code Annotated § 4-21-401(a)(1).

## COUNT II
## RETALIATION (TENNESSEE HUMAN RIGHTS ACT)

30.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 16 above.

31.     At all times pertinent to this action, Plaintiff was a "person" within the meaning of Tennessee Code Annotated § 4-21-102(14).

32.     At all times pertinent to this action, Defendant was an "employer" within the meaning of Tennessee Code Annotated § 4-21-102(4).

33.     Beginning on or about July 14, 2010 and continuing through her termination on January 4, 2012, the Plaintiff opposed a practice declared discriminatory by Tennessee Code Annotated §4-21-401(a)(1).

34.     The Plaintiff opposed gender discrimination and harassment in the workplace.

35.     The Plaintiff reported gender discrimination to her employer, including the human resource department.

36.     The Plaintiff subsequently reported gender discrimination to the Equal Employment Opportunity Commission on or about March 28, 2012.

37.     The Plaintiff asserts that after opposing unlawful activity, she was treated poorly and was retaliated against by a variety a measures, including but not limited to: verbal harassment and intimidation techniques, and ultimately termination.

38.     Plaintiff also reported the retaliation to the Defendant, to no avail.

39. The Plaintiff asserts that there is a causal connection between the Defendant's retaliatory treatment and termination and the Plaintiff's engagement in practices declared discriminatory by Tennessee Code Annotated §4-21-401(a) (1).

40. The Plaintiff would aver that the Defendant's reason for her termination was pre-textual and further, the Plaintiff was terminated in retaliation for engaging in protected activity.

41. By terminating Plaintiff, the Defendant retaliated and discriminated against Plaintiff with respect to her terms, conditions, and privileges of employment because of or on the basis of Plaintiff's opposition to a practice declared discriminatory by Tennessee Code Annotated § 4-21-401(a)(1).

**COUNT III**
**WORKERS COMPENSATION RETALIATION**

42. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 16 above.

43. This is a retaliatory discharge action by the Plaintiff consistent with the Tennessee Workers Compensation Act and public policy as identified in *Canton Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984) and subsequent case law.

44. The Plaintiff was an employee of the Defendant within the meaning of the Tennessee Workers Compensation Act and common law for retaliatory discharge claims.

45. The Plaintiff made a claim against the Defendant for workers compensation benefits consistent with the Tennessee Workers Compensation Act.

46. The Defendant terminated the Plaintiff's employment.

47. The Plaintiff's claim for workers compensation benefits was a substantial factor in the Defendant's motivation to terminate the Plaintiff.

48. The Plaintiff asserts that the Defendant retaliated and discriminated against her in retaliation for pursuing workers compensation benefits under the Tennessee Workers' Compensation Act.

49. At the time of her termination, the Defendant knew the Plaintiff was pursuing workers compensation benefits.

50. The Defendant terminated the Plaintiff while she was still treating with authorized workers compensation providers.

51. The Defendant terminated the Plaintiff for following her supervisor's instructions to clock in using her cell phone on the days that she had doctor's appointments or physical therapy related to her work injury so she could be paid for her time at the appointments.

52. The Plaintiff was treated poorly by her employer as a result of pursuing workers' compensation benefits.

53. At all relevant dates and times as forth herein, the Defendant was vicariously liable for the actions and inappropriate conduct of its employees, agents and/or representatives because: (a) the Defendant did not properly supervise and train the Plaintiff's supervisors regarding appropriate behavior towards employees with on the job injuries or disabilities; (b) the Defendant did not properly train the Plaintiff's supervisors regarding the Defendant's policies towards a workplace free of workers compensation retaliation; (c) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report workers compensation retaliation occurring within the Defendant's workplace; and (d) the Defendant did not have a viable

and reasonable procedure and policy in effect to provide reasonable accommodation to its employees injured on the job.

54. The Plaintiff's managers and supervisors discriminated against Plaintiff as a result of her on the job injuries by terminating the Plaintiff for pursuing workers compensation benefits. The management team's actions show that the Defendant had not properly trained the managers and supervisors or provided proper instruction regarding the handling and processing of employees injured on the job, to prevent retaliation against the Plaintiff for her injuries.

55. Plaintiff submits that she clocked in from her cell phone because she was advised to do so by her direct supervisor on days that she had doctor's appointments of physical therapy for her work related injury.

56. Plaintiff submits that she was terminated for the pre-textual reason of failing to follow company procedure for clocking in from her cell phone.

57. The Plaintiff states that there is causal connection between her termination on January 14, 2012 and her pursuit of workers' compensation benefits. The Plaintiff further states that her request for and receipt of workers' compensation benefits was a substantial motivating factor in the Defendant's decision to terminate her employment.

### APPLICABLE TO ALL COUNTS

58. As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiff was improperly retaliated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary losses.

59.     Plaintiff further submits that the Defendant has acted: (a) intentionally, (b) maliciously, or (c) recklessly in terminating the Plaintiff and that the Plaintiff is entitled to an award of punitive damages.

60.     Plaintiff has suffered direct pecuniary losses as a result of the Defendant's violations of the Tennessee Human Rights Act and common law.

61.     Plaintiff will continue to suffer direct pecuniary losses as a result of the Defendant's culpable acts or omissions as set forth herein, the Defendant's violation of the Tennessee Human Rights Act and common law.

62.     Plaintiff is entitled to compensation for incidental damages, attorney's fees, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary loses.

WHEREFORE PLAINTIFF PRAYS:

a)      that service of process issue to Defendant as set forth in;

b)      the Plaintiff be awarded compensatory damages of $150,000 or as amount to be determined by the jury;

c)      the Plaintiff be awarded punitive damages of $150,000 or an amount to be determined by the jury;

d)      that the Court award the Plaintiff attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided under Tennessee law;

e)      that the Court award the Plaintiff such other, further, general and different relief to which she may be entitled; and

f)      that a jury of twelve (12) be empanelled to try this action.

Respectfully submitted,

*Nina Parsley* [BPR No. 23818]
Michael Ponce & Associates, PLLC
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
(615) 851-1776
nina@poncelaw.com
*Attorney for the Plaintiff*

I hereby certify that this is a true copy
of original instrument filed in my office
this____9____day of__May__20_12_
RICHARD R. ROOKER Clerk
By_____
Deputy Clerk

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

BURMA ANDERSON,

      Plaintiff,

v.

GCA SERVICES GROUP, INC.,

      Defendant.

DOCKET #: 12C1884

JURY DEMAND (12)

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS TO THE DEFENDANT

Comes now the Plaintiff, Burma Anderson, by and through undersigned counsel and herewith serve upon the Defendant, the following written Interrogatories and Request for Production of Documents under the provisions of Rule 33 and 34 of the Tennessee Rules of Civil Procedure.

You are required to answer these interrogatories separately and fully in writing under oath and to serve a copy of your answers on the undersigned attorney within thirty days (30) days after service hereof.

These interrogatories shall be continuing in nature until the date of trial, and you are required to serve supplemental answers as additional information may become available to you as required by Rule 26.05 of the Tennessee Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories and Request for Production of Documents served herewith, the following definitions and instructions shall apply:

(1)     As used herein, the terms "you," "your," or "yourself" refer to the defendant, and each agent, representative, attorney, or other person acting or purporting to act for said defendant.

(2)     As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated associated organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

(3)     As used herein, the term "identification," "identify," or "identity" when used in reference to (a) a natural individual, requires you to state his or her full name and residential and business address, and his or her present or last known residence and business telephone numbers; (b) a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the name and address of its registered agent for service of process within the State of Tennessee; or (c) a business, requires you to state the full name under which the business is conducted, its business address, the types of businesses in which it is engaged, and the identity of the person, or persons, who own, operate, and control the business.

(4)     As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, by any means or made of conveying information, including but not limited to telephone, television, or telegraph.

(5)     As used herein, the term "document" means any medium upon which information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, fax, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody, or control.

(6)     As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning as the word "and".

(7)     With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

(8)    If any privilege is claimed with respect to any document or communication, identify the document or communication and state the privilege claimed and the basis therefor.

1.    Please identify the names, addresses and phone numbers of all persons who are assisting you in the preparation of these responses.

ANSWER:


2.    Please identify the names, addresses and phone numbers of any and all persons who possess knowledge of Plaintiff's termination from employment with GCA Services Group Inc. including, but not limited to the names of all persons employed by the Defendant who were involved in the decision to terminate the Plaintiff.

ANSWER:


3.    Please state the hire dates and termination dates of the Plaintiff's employment with the Defendant.

ANSWER:


4.    Please set forth any and all reasons why the Plaintiff was terminated from employment with GCA Services Group Inc.

ANSWER:


5.    Please state the name(s) of the Plaintiff's supervisors who were employed with the Defendant at the time of the Plaintiff's termination.

ANSWER:

6.     Please indicate all statements made to and/or by Plaintiff regarding her termination from employment with GCA Services Group Inc.

ANSWER:


7.     Please state the names of any and all persons who were involved in processing, handling, and communicating with the Plaintiff regarding his termination.

ANSWER:


8.     Who made the decision to terminate the Plaintiff and what information was considered prior to making this decision.

ANSWER:


9.     Please list any and all experts the Defendant anticipates calling as a witness at trial and for each expert please list the following:

A.     the subject matter on which said expert is expected to testify;

B.     the substance of the facts and opinions to which said expert is expected to testify; and

C.     state a summary of the grounds for each opinion to which said expert is expected to testify.

ANSWER:

10.    Please identify the names, addresses and phone numbers of any and all persons who witnessed Plaintiff's termination of employment with GCA Services Group Inc.

ANSWER:


11.    At the time of the Plaintiff's termination, please state whether she was on probation, suspension or had any other employment status which jeopardized her future employment with GCA Services Group Inc.

ANSWER:


12.    Please state whether the Plaintiff had violated any company policy or procedure prior to her termination.  If the answer is affirmative, please clearly state the policy or procedure which was violated and whether she was warned or written up for the violation.  If the Plaintiff was warned or written up for the violation, please state the date and time of the write-up or verbal warning.

ANSWER:


13.    Please state whether a judgment for punitive damages has ever been awarded against the Defendant. If so, please state the caption and style of the lawsuit.

ANSWER:

14.    Please state whether the Defendant has ever been sued for discrimination. If the answer is yes, please state:

      (A) the caption and style of the lawsuit;

      (B) the state and county where the lawsuit was filed;

      (C) the docket number of the lawsuit;

      (D) the disposition of the lawsuit.

**ANSWER:**

15.    Please state the names of any and all persons who have been terminated by the Defendant in the past five (5) years who filed a workers' compensation claim, filed a report of sexual harassment or was in a protected group.

**ANSWER:**

16.    Please identify any and all compensation and employment benefits which the Plaintiff received or was qualified to receive as an employee of the Defendant GCA Services Group Inc. for the last year (1) year of her employment.

**ANSWER:**

17.    Please state the total monetary value of compensation and benefits that the Plaintiff was receiving at the time of her termination.

**ANSWER:**

18.    Please describe in detail the job or position that the Plaintiff was performing at the time of her termination.

ANSWER:


19.    List any and all witnesses you plan to call and any exhibits you plan to use at the time of trial.

ANSWER:


20.    Please describe in detail all incidents of sexual harassment reported by the Plaintiff including the date of the incident, the participants in the incident and the persons who were present at the time of the reports.

ANSWER:


21.    Please describe in detail any and all reports of harassment made by employees of GCA Services Group, Inc. in the last 10 years. Please include the date, incident description and the actions taken by GCA to remedy the situation.

ANSWER:


22.    List any and all persons involved in investigating the Plaintiff's reports of sexual harassment.

ANSWER:

23.     List any and all disciplinary actions taken against Frederick (last name unknown) by the Defendant.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1.     Please make copies of financial data reflecting the Defendant's market value and the Defendant's profit for the past ten years.

**ANSWER:**

2.     Please provide copies of any and all documents, memoranda, reports, forms, letters, correspondence, notes, and recorded statements regarding the Plaintiff's termination.

**ANSWER:**

3.     Please provide a copy of any and all notes, memoranda, letters, correspondence, forms, and reports possessed by Defendant regarding Plaintiff's termination from employment with GCA Services Group Inc.

**ANSWER:**

4.     Please provide a copy of any and all notes, memoranda, letters, correspondence, forms, and reports possessed by Defendant regarding Plaintiff's reports of sexual harassment with GCA Services Group Inc.

**ANSWER:**

5.    Please provide copies of any and all policies or procedures (in handbooks, memos bulletins, reports or manuals) of Defendant regarding the employment of persons who have filed workers' compensation claims and reported sexual harassment.

**ANSWER:**


6.    Please produce copies of any reports, notes or memoranda generated or relied upon by any Rule 26 Experts consulted by the Defendant.

**ANSWER:**

7.    Please produce copies of any and all lawsuits filed against the Defendant in the past ten years regarding alleged discriminatory practices.

**ANSWER:**


8.    Please produce any and all documents, records, reports, memoranda, forms, payroll data, applications, computer data and computer records which are associated or related to any and all  compensation and employment benefits which the Plaintiff has received or was qualified to receive as an employee of the Defendant for the last two (2) years of his employment.

**ANSWER:**


9.    Please provide a job description of the position in which the Plaintiff was working at the time of her termination.

**ANSWER:**

10. Please produce a copy of any recording, video tape, CD or DVD reflecting the Plaintiff's termination.

**ANSWER:**

11. Please produce a complete copy of Plaintiff's personnel file.

**ANSWER:**

12. Please produce a copy of all files kept by Defendant on Plaintiff.

**ANSWER:**

13. Please produce a copy of all exhibits the Defendant may use or rely upon at trial.

**ANSWER:**

14. Please produce a copy of any and all documents and items you may use as exhibits at the trial of this matter.

**ANSWER:**

15. Produce a copy of Frederick's (last name unknown) personnel file.

**ANSWER:**

## REQUEST FOR ADMISSIONS

Come now the Plaintiff, by and through undersigned counsel, pursuant to Rules 26 and 36 of the Tennessee Rules of Civil Procedure, and hereby request that GCA Services Group, Inc. admit the truth of the following matters within the time period allowed by Rule 36 of the Tennessee Rules of Civil Procedure.

1. Admit that Plaintiff was terminated on January 4, 2012 in retaliation for reporting sexual harassment or in the alternative for filing a workers' compensation claim.

**RESPONSE:**

2. Admit that the Plaintiff never had any disciplinary actions against her prior to her termination on January 4, 2012.

**RESPONSE:**

3. Admit that GCA Services Group Inc. terminated the Plaintiff on or about January 4, 2012.

**RESPONSE:**

4. Admit that the reason the Plaintiff was given for her termination on January 4, 2012 was merely pretextual.

**RESPONSE:**

## OATH

**STATE OF** _____ )
**COUNTY OF** _____ )

      I, _____, being first duly sworn, hereby depose and say that the answers to the foregoing Interrogatories and Request for Production of Documents are true to the best of my knowledge and belief.

_____
GCA Services Group Inc. Representative

      Sworn to and subscribed before me this the _____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

Respectfully submitted,

*Nina Parsley*

Nina Parsley, BPR# 23818
Michael D. Ponce & Associates
Attorney for Plaintiff
1000 Jackson Road, Ste. 225
Goodlettsville, TN 37072
(615) 851-1776

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Interrogatories, Request for Production of Documents and Request for Admissions was attached to the Complaint and Summons filed with the Court and set to be served upon the Defendant GCA Services Group Inc.

Date: May 9, 2012

*Nina Parsley*

Nina H. Parsley