IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BURMA ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No.: 3:12-cv-00609 |
| v. ) | JURY DEMAND (6) |
| ) | JUDGE TRAUGER |
| ) | MAGISTRATE JUDGE GRIFFIN |
| GCA SERVICES GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## AMENDED INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF: The Plaintiff was hired by the Defendant on July 14, 2010 to perform janitorial tasks. She was subjected to sexual harassment and assault by a coworker, which included verbal suggestive comments, crude comments, unwelcome touching and sexually explicit and/or provocative actions by a coworker. The Plaintiff reported said harassment and was transferred to a different facility, but it happened again. Each and every time this occurred, Plaintiff refused the sexual advances and notified management. When her immediate supervisor failed to take appropriate action, Plaintiff reported to the next level of management.

After reporting this harassment up the chain of command, Plaintiff's supervisor became upset with her and retaliated against her. The Plaintiff sustained a work related injury to her back on October 24, 2011. She timely reported the injury and pursued

workers' compensation benefits. The same supervisor who failed to respond to Plaintiff's complaints of harassment advised Plaintiff how to clock in on days when she had physical therapy for her work related injury. Plaintiff followed her supervisor's instructions. However, on or about January 4, 2012, the Plaintiff was terminated for violating company policy for clocking in as she was instructed by her supervisor.

The reasons provided for Plaintiff's termination are pre-textual and the Plaintiff will be able to establish a prima facie case of discrimination and retaliation under Tennessee Code Annotated §§ 4-21-401 and 4-21-102; T.C.A. § 50-1-304 and common law.

The Plaintiff has incurred damages as a result of the violations alleged in her Complaint and seeks pecuniary losses, back pay, compensatory damages, attorney fees, costs and punitive damages.

2) DEFENDANT: Ms. Anderson was hired on July 14, 2010, and claims that she was first subjected to sexual harassment in March 2011 by co-worker Frederick Deslorges at Charlotte Park School. Ms. Anderson reported the alleged sexual harassment to Scott Kilgore, the Account Manager for GCA. Mr. Kilgore investigated Ms. Anderson's allegations and determined that they were unfounded. Mr. Deslorges also denied the allegations. Nonetheless, Mr. Kilgore asked Ms. Anderson if she would like to be transferred to a different school. Ms. Anderson accepted his offer, and she was transferred to Gower Elementary School.

Thereafter, on June 4, 2011, Mr. Deslorges went to assist at Gower Elementary for one day in order to help with summer cleanup. Despite the fact that Mr. Kilgore had conclusively established that the March 2011 allegation of sexual harassment was

categorically false, he chose to clear Mr. Deslorges's presence with Ms. Anderson anyway. Ms. Anderson stated that it would be fine as long as Mr. Deslorges did not say anything to her. Again, there was absolutely no reason to think that there would be a problem with Mr. Deslorges going to the school for one day because the investigation proved that the March 2011 incident did not occur. On June 4, 2011, Mr. Kilgore went to the school to check on things and noted that Mr. Deslorges and Ms. Anderson were working on separate floors. Moreover, Ms. Anderson did not voice any complaints regarding Mr. Deslorges.

Nearly six months later, on December 9, 2011, Ms. Anderson placed a call to Dean Hall, the Human Resources Manager, and requested a face to face meeting. This meeting took place on December 12, 2011, wherein Ms. Anderson complained about Mr. Kilgore's investigation regarding the alleged March 2011 harassment. In addition, she stated that Mr. Deslorges made an inappropriate comment to her when he was assisting at Gower Elementary with summer cleanup. This was the first occasion that Ms. Anderson notified anyone at GCA about the alleged incident at Gower Elementary on June 4, 2011. Mr. Hall then chose to conduct his own investigation. He spoke with Mr. Deslorges, and he again denied Ms. Anderson's allegations. Mr. Kilgore also relayed what he had witnessed on the day in question, namely that Ms. Anderson and Mr. Deslorges were working on separate floors and did not interact with each other while he was present.

Ms. Anderson was terminated on January 4, 2012 due to her refusal to properly clock in for work pursuant to GCA Services' guidelines. GCA employees are required to clock in using a designated, work provided telephone. Ms. Anderson had been trained on this policy and had even signed a Training Record log sheet indicating as much. Instead

of following policy, Ms. Anderson clocked in from her cell phone on at least six (6) occasions: November 28, 2011; December 12, 2011; December 14, 2011; December 16, 2011; December 27, 2011; and January 3, 2012.  It is Ms. Anderson's claim that she was instructed to clock in from her cell phone when she attended physical therapy for a work related injury that she sustained on October 24, 2011.  This is false.  No GCA supervisor ever instructed Ms. Anderson to clock in from her cell phone.  Ms. Anderson violated company policy on at least six (6) occasions and she was terminated for her blatant refusal to comply with well established rules and procedures of which she was abundantly aware.

      C.      ISSUES RESOLVED: Jurisdiction and venue.

      D.      ISSUES STILL IN DISPUTE: Liability and damages.

      E.      INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before November 5, 2012.

      F.      DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before May 17, 2013. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

      G.      MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before January 31, 2013.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before March 1, 2013. The defendant shall identify and disclose all expert witnesses and reports on or before April 1, 2013.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before June 3, 2013.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before ~~June 3~~ May 20, 2013.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or July 12, 2013. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>20 pages.</u> No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 2 days.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:


s/Nina H. Parsley
Nina H. Parsley, BPR No. 23818
Michael D. Ponce & Associates, PLLC
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
615-851-1776
Attorney for Plaintiff



s/George B. Green, Jr. with permission by Nina Parsley
Lisa Ramsay Cole, BPR No. 16262
George B. Green, Jr. BPR No. 29185
Lewis, King, Krieg & Waldrop, P.C.
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219-8615
615-259-1366
Attorneys for Defendant